1 .WHIPPLE, J.
This matter is before us on appeal by appellant, Kenny Lafferty, from a judgment denying his request for reduction of child support and maintaining his monthly child support obligation at $477.00. We affirm.
FACTS AND PROCEDURAL HISTORY
Lafferty is the natural father of the minor child, Caden Stockton, who has received support and assistance through payments by the State of Louisiana. In addition to this child, Lafferty has four other *478 children, residing in three different homes. His oldest two children reside with their mother, Lafferty’s former wife. His middle and youngest children live with him and their mother, Lafferty’s fiancée. However, the support enforcement proceedings at issue herein only concern the support of Caden Stockton, his second-youngest child, who resides with his mother, Joni Stockton.
After the commencement of child support enforcement proceedings herein by the State, Lafferty signed a consent judgment on June 3, 1999, agreeing to pay $263.00 monthly as support for Caden. On December 9, 1999, Lafferty signed a second consent judgment, agreeing to pay $477.00 per month in child support.[2]
On February 24, 2000, Lafferty filed a Rule to Decrease Child Support. An evi-dentiary hearing was conducted by a hearing officer on May 22, 2000. At the conclusion of the hearing, the hearing officer recommended that the trial court reject Lafferty’s request for reduction and maintain the existing support obligation, and that Lafferty be held in contempt for his willful failure to make timely payments. Specifically, the hearing officer noted that Lafferty had failed to prove that he was obligated to or making support payments to his former wife for his Roldest two children; that Lafferty was voluntarily underemployed; that Lafferty was capable of earning $1,733.33 each month; and that Lafferty was fully capable of supporting himself and his three youngest children based on earnings of $1,733.33 each month.
By judgment rendered April 5, 2001 and signed April 30, 2001, the trial court agreed with the hearing officer’s recommendation and ordered that the monthly child support obligation remain at $477.00. Lafferty appeals, asserting the following assignments of error:
1. The trial court erred in excluding from the child support worksheet and judgment his legal obligation to support the two minor children residing with him.
- 2. The trial court erred in excluding from the child support worksheet and judgment his legal obligation to support the two minor children residing with his former wife.
DISCUSSION
Deviation for Domiciliary Children
Lafferty first contends that the trial court committed manifest and reversible error by improperly excluding from the child support worksheet and resulting judgment his “legal obligation” to support the two minor children residing with him. He contends that deviation from the guidelines was mandated under LSA-R.S. 9:315.1(0(2), which provides, “In determining whether to deviate from the guidelines, the court’s consideration may include: ... [t]he legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party’s household.” On review, we find no error.
At the outset, we note that deviation from the statutorily-established support guidelines, including deviation based on a party’s legal obligation to support other | household dependents, is a matter within the court’s discretion and is optional, rather than mandatory. See LSA-R.S. 9:315.1(B) and (C)(2); LSA-R.S. 1:3.
As set forth in LSA-R.S. 9:315.1(A), “[tjhere shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines... is the proper *479 amount of child support.” Moreover, “[i]f a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential.” LSA-R.S. 9:315.9. Here, the trial court concluded that Lafferty was voluntarily underemployed and that he was capable of earning $1,733.33 per month. The trial court further concluded that he was capable of satisfying his support obligation for Caden and his three youngest children on that amount. In so ruling, the trial court obviously rejected his explanation for the alleged decrease in earnings and concluded that, based on the past earnings records and work history established by the State, he could continue to earn this amount. Considering the record in its entirety, we find no error by the trial court in its conclusion that no reduction was warranted on this basis.
At trial, the State established that Laf-ferty had been employed as a machinist making at least $10.00 per hour, based on a forty-hour work week for several years prior to trial. Although Lafferty contended that he was only earning an average of $548.00 per month in a crank-shaft business with his brother, he did not introduce any financial records, tax returns, other documentation or testimony to support this claim. Also, during cross-examination, Lafferty acknowledged that he was claiming expenses in excess of $1,600.00 per month, which he contended were being paid with funds received from other family members. Thus, we find no error in the trial court’s assessment of Lafferty’s income based on the figures from his employment records with Womack’s Head and Body Shop introduced by the State.
lBOn review, we find the trial court properly abided by the Child Support Guidelines and correctly rejected Lafferty’s request for a reduction, even considering any obligation of Lafferty to support the two minor children residing with him. Inasmuch as the record supports the finding that Lafferty was voluntarily unemployed and, further, that he was capable of fully supporting his three youngest children on the $1,733.33 per month figure, the trial ruling was not manifestly erroneous. Thus, this assignment of error lacks merit.
Deviation for Nondomiciliary Children
Lafferty next contends that the trial court erred in excluding from consideration his “legal obligation” to support his two minor children residing with his former wife. Citing LSA-R.S. 9:315.1(D), which provides “[t]he court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid,” he contends the trial court erred in refusing to reduce his support obligation to Caden.
As Lafferty correctly notes, a trial court is empowered to consider preexisting child support obligations in setting support for a subsequent child. As set forth in LSA-R.S. 9:315(0(1), “ ‘[ajdjusted gross income’ means gross income, minus amounts for preexisting child support ... on behalf of a child who is not the subject of the action of the court.” Herein, the trial court found that Lafferty had failed to show that he was actually supporting his two oldest children by paying his former wife $400.00 per month. On review, we are unable to say the trial court was manifestly erroneous in this finding.
The divorce decree between Lafferty and his former wife is silent with regard to any minor children born of the marriage or any child support obligations. According to Lafferty, he and his former wife agreed to “handle” child support payments and visitation extra-judicially. At the hearing, he testified that he was | fipaying his former wife $200.00 each month per child in addi *480 tion to funding lunches and extra-curricular activities. However, Lafferty’s former wife did not attend the hearing nor did he present any documentary evidence to support these claimed payments and expenses. Lafferty’s testimony is the only evidence entered into the record concerning the amount of child support paid for the support of these children.
A finding of fact by a trial court shall not be set aside absent manifest error. Theriot v. Lasseigne, 93-2661, p. 5 (La.7/5/94), 640 So.2d 1305, 1310. Moreover, “[credibility determinations are subject to the strictest deference and the manifest error-clearly wrong standard demands great deference for the trier of fact’s findings.” Theriot, 93-2661 at p. 9, 640 So.2d at 1313, citing Rosell v. ESCO, 549 So.2d 840, 844-45 (La.1989). “The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong but whether the factfinder’s conclusion was a reasonable one.” Theriot, 93-2661 at p. 9, 640 So.2d at 1313, citing Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
Again, the record shows that there was no formal or written agreement between Lafferty and his former wife concerning child support. Moreover, Lafferty failed to introduce receipts or check stubs showing any regular child support payments to his former wife. Additionally, Lafferty contended that he was only receiving an average income of $548.00 per month. Under these circumstances and considering the record in its entirety, we find no error in the trial court’s decision to reject Lafferty’s testimony or its conclusion that no reduction of the support obligation was warranted on the basis of alleged payments for the support of his oldest two children. Accordingly, these arguments likewise lack merit.
^CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against appellant, Kenny Lafferty.
AFFIRMED.

. Although not at issue herein, the record shows Lafferty has been adjudicated in contempt of court multiple times for non-payment of child support owed to Stockton.